# EXHIBIT A

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM    INDEX NO. 501817/2025
NYSCEF DOC. NO. 1                                 RECEIVED NYSCEF: 01/17/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| Juan Orlando Perez,<br><br>                          Plaintiff,<br><br>        -against-<br><br>Ford Motor Credit Company LLC; Experian Information Solutions, Inc.,<br><br>                    Defendants. | Index No.: 501817/2025<br><br>**SUMMONS** |

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty (20) days after the service of this Summons (exclusive of the day of service), or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof.

    **YOU ARE HEREBY NOTIFIED THAT,** should you fail to answer, judgement will be entered against you by default for the relief demanded in the complaint.

    **VENUE:** Plaintiff designates Kings County as the place of trial. The basis of this venue designation is the county which Plaintiff resides.

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 501817/2025
RECEIVED NYSCEF: 01/17/2025

Dated: Brooklyn, New York
January 17, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Juan Orlando Perez

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

To:    **FORD MOTOR CREDIT COMPANY LLC**
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 501817/2025
RECEIVED NYSCEF: 01/17/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

Juan Orlando Perez,

                        Plaintiff,

-against-

Ford Motor Credit Company LLC; Experian
Information Solutions, Inc.,

                        Defendants.

---

Index No.: 501817/2025

**COMPLAINT**

---

Plaintiff Juan Orlando Perez (the "Plaintiff"), by and through his attorney, Petroff
Amshen LLP, as and for his complaint against the defendants (collectively, the "Defendants"),
hereby alleges the following upon personal knowledge, review of public record and/or otherwise
upon information and belief:

      1.     Plaintiff brings this action for damages arising under the Fair Credit Reporting Act
("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022),
and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act
(the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations
of consumer credit protection laws, including failure to investigate and correct inaccurate credit
resulting duly disputed by Plaintiff.

      2.     Finding that "[t]he banking system is dependent upon fair and accurate credit
reporting," and "[i]naccurate credit reports directly impair the efficiency of the banking system,"
Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable
procedures for meeting the needs of commerce for consumer credit [...] in a manner which is fair
and equitable to the consumer, with regard to the confidentially, accuracy, relevancy, and proper
utilization of such information [...]" 15 U.S.C. § 1681.

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 501817/2025
RECEIVED NYSCEF: 01/17/2025

3.      Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect fot the consumer's right to privacy". *See id.*

4.      Relying on these protections, Plaintiff notified the Defendants of specific error in his credit report including inaccurate and duplicative negative reporting, and omission of payment history data that would beneficially impact his credit score.

5.      Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

## PARTIES AND VENUE

6.      Plaintiff is an individual and resident of the State of New York, County of Brooklyn, residing at 466 81st Street, Brooklyn, New York 11209.

7.      Defendant Ford Motor Credit Company LLC ("Ford") is a limited liability company organized under the laws of the State of Delaware.

8.      Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a wholly owned subsidiary of Experian Holdings Inc. Experian is one of the three national credit reporting agencies ("CRA") recognized by the Federal Trade Commission.

9.      Venue in this county is proper pursuant to CPLR § 503(a), as a substantial part of

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM          INDEX NO. 501817/2025
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 01/17/2025

the events giving rise to Plaintiff's claims occurred in this county, and Plaintiff resides in this county.

## STATEMENT OF FACTS

10.   Plaintiff is an individual consumer who discovered inaccuracies related to one account associated with Ford in his credit report ("Ford Account").

   a. Ford Motor Credit Company LLC

   - Account Number: 5213****
   - Account Opened Date: 07/01/2015
   - Date of the Last Payment: October 2017

11.   The Experian credit report contains missing payment data and incorrectly reflects that the account was charged off in 2024. This is inconsistent with the date of the last payment, which was made in October 2017.

12.   In November 2024, Plaintiff requested his credit report from the three credit bureaus. However, only Experian was reporting inaccurate information.

13.   In November 2024, Plaintiff sent a Notice of Dispute to Experian disputing the Ford Account. A true copy of Plaintiff's Notice of Dispute is annexed as **Exhibit A.**

14.   In December 2024, Plaintiff requested his credit report from the three credit bureaus for a second time and was stunned to learn that the inaccurate report continued to appear on Experian.

15.   Due to the inaccurate reporting, Plaintiff's credit score has been adversely affected. This has prevented Plaintiff from securing favorable financial products, including loans and credit, and has resulted in higher interest rates on his credit applications.

16.   Plaintiff has suffered significantly trying to obtain new financial products to

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 501817/2025
RECEIVED NYSCEF: 01/17/2025

improve his quality of life, but his efforts have been affected by the negative impact on his credit score. The ongoing inaccuracies in Plaintiff's credit report have caused significant emotional distress. Plaintiff has experienced frustration, anxiety, and stress from the financial strain caused by the inaccuracies, compounding his existing financial challenges.

## VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, *et seq.*)

17.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

18.     Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

19.     Ford is a "furnisher" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

20.     Ford is also a "person" as defined by the FCRA. *See* 15 U.S.C. § 1681a(b).

21.     Subpart E of regulation V, the FCRA's implementing regulation, applies to furnishers of information, including Ford. *See* 12 C.F.R. §§ 1022.1, 1022.40.

22.     Experian is a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C § 1681a(f).

23.     Experian qualifies as a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis." *See* 15 U.S.C §1681a(p).

## COUNT I
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681n)
### *AS TO FORD*

24.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

25.     The FCRA prohibits furnishers from reporting information to a CRA "with actual

knowledge of errors" and "after notice and confirmation of errors" *See* 15 U.S.C. § 1681s-2(a)(1).

26.    Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

27.    Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if – (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

28.    Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

29.    Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

30.    Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other

relationship; and (3) [i]dentifies the appropriate consumer.

12 C.F.R. § 1022.41(a).

31.    Ford reported inaccurate account information regarding Plaintiff's Ford Account to Experian which was incorporated into Plaintiff's credit file and credit reports issued by Experian.

32.    The inaccurate information includes the omission of relevant data, such as missing payment data; and despite the account being closed, it still reflects outstanding debt or balances.

33.    Upon information and belief, Ford received a notice of Plaintiff's Notice of dispute regarding the accuracy of his account information as reported to Experian.

34.    Ford failed to review the information provided by Plaintiff for any additional information.

35.    Ford's deliberate and ongoing furnishing of incomplete inaccurate, and contradictory information regarding Plaintiff's Ford Account has caused Plaintiff to suffer damages, including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

36.    As a result of Ford's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681n.

**COUNT II**
**Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681o)**
***AS TO FORD***

37.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

38.    After receiving notice of Plaintiff's dispute regarding the accuracy of his account

information as reported by Experian, Ford thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to Experian regarding Plaintiff's Ford Account, in violation of 15 U.S.C. § 1681s-2.

39.    Ford "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

40.    Ford furnished inaccurate information regarding Plaintiff's Ford Account to Experian, which was incorporated into Plaintiff's credit file and credit reports. Ford knows or should have known, had they conducted the required investigation, that the information they furnished to Experian was inaccurate.

41.    As a compiler and furnisher of consumer information concerning Plaintiff's Ford Account, Ford had a duty to ensure the accuracy of any such information furnished to Experian, and prevent the furnishing of inaccurate information. *See* 15 U.S.C. § 1681s-2(a)(6).

42.    Upon information and belief, Ford has further negligently persisted in reporting inaccurate information to Experian without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

43.    Accordingly, Experian has continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

44.    Ford's negligent and ongoing furnishing of improper, inaccurate information regarding Plaintiff's Ford Account has caused Plaintiff to suffer damage including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM    INDEX NO. 501817/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/17/2025

with credit recovery and lawsuit defense, and other actual damages.

45.    As a result, of Ford's negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys and costs incurred in connection with this action.

## COUNT III
### Willful Failure to Assure Accuracy of Consumer Information in Credit Report
### (15 U.S.C. §§ 1681e(b), 1681n)
### *AS TO EXPERIAN*

46.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

47.    "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" 15 U.S.C. § 1681e(b).

48.    Experian received Plaintiff's Notice of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

49.    Despite receipt of the foregoing, Experian deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff's Ford Account.

50.    Although the information Plaintiff provided was sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, Experian failed and refused to properly review it, and further and refused to contact Plaintiff or Ford for any additional information that would assist in a reasonable investigation.

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 501817/2025

RECEIVED NYSCEF: 01/17/2025

51.     Accordingly, Experian continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, higher interest rates and unfavorable terms on any available credit options, payment of attorney' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

52.     Experian's failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

53.     As a result of Experian's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

## COUNT IV
### Negligent Failure to Assure Accuracy of Consumer Information in Credit Report
### (15 U.S.C. §§ 1681e(b), 1681o)
#### *AS TO EXPERIAN*

54.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

55.     Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, Experian failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Ford Account.

56.     Accordingly, Experian continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

57.     As a result of Experian's negligent conduct in violation of the FCRA, Plaintiff is

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM    INDEX NO. 501817/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/17/2025

entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in
connection with this action, pursuant to 15 U.S.C. § 1681o.

### COUNT V
**Willful Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681n)**
*AS TO EXPERIAN*

58.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully
set forth herein.

59.    "[I]if the completeness or accuracy of any item of information contained in a
consumer's file at a consumer reporting agency is disputed by the consumer and the consumer
notifies de agency [...] of such dispute, the agency shall, free of charge, conduct a reasonable
reinvestigation to determine whether the disputed information is inaccurate and record the current
status of the disputed information, or delete the item from the file [...]" 15 U.S.C. § 1681i(a)(1)(A).

60.    This investigation must be completed within thirty (30) days of Experian's receipt
of the Notice of Dispute. *See id.*

61.    Experian must also provide notice of dispute to any furnisher of the disputed
information, within five (5) business days of receipt.

62.    "In conducting any reinvestigation under paragraph (1) with respect to disputed
information in the file of any consumer, the consumer reporting agency shall review and consider
all relevant information submitted by the consumer in the period described in the paragraph (1)
(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

63.    Within five (5) business days of completing a reinvestigation, Experian must
provide the consumer with written notice of the results and additional statutory notices.

64.    Upon receipt of Plaintiff's Notice of Dispute, Experian deliberately failed and
refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 501817/2025
RECEIVED NYSCEF: 01/17/2025

of reported information concerning Plaintiff's Ford Account.

65.    Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, Experian failed and refused to properly review it, and further failed and refuse to contact Plaintiff for any additional information that would assist in a reasonable investigation.

66.    Upon information and belief, Experian also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

67.    Experian further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damage including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

68.    Experian failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

69.    As a result of Experian's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

### COUNT VI
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
*AS TO EXPERIAN*

70.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

71.    Upon receipt of Plaintiff's Notice of Dispute, Experian had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM    INDEX NO. 501817/2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/17/2025

concerning Plaintiff's Ford Account.

72.    Experian failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C § 1681i(a)(2).

73.    Experian failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or Ford, for any additional information that would assist in a reasonable investigation.

74.    Experian failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

75.    This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorney's fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

76.    As a result of Experian's negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## VIOLATIONS OF N.Y. GENERAL BUSINESS LAW

77.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

78.    Section 374 though 382-b of Article 25 of the New York General Business Law codifies New York's Fair Credit Reporting Act.

79.    Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM        INDEX NO. 501817/2025
NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 01/17/2025

80.     Ford is a "person" within the meaning of the NYFCRA. *See* GBL § 380-a(a).

81.     Experian is a "consumer reporting agency" within the meaning of the NYFCRA.
*See* GBL § 380-a(e).

**COUNT VII**
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(N.Y. Gen. Bus. Law § 380-o)**
***AS TO FORD***

82.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully
set forth herein.

83.     The NYFCRA prohibits the knowing and willful introduction or attempt to
introduce false information into a consumer reporting agency's file. *See* GBL § 380-o(2). Persons
who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

84.     As a result of Ford's knowing and willful introduction of false information
regarding Plaintiff's Ford Account into the files of the consumer credit bureaus, Plaintiff has
suffered damages including loss and reduction of credit, damage to his credit rating, higher interest
rates and unfavorable terms on any available credit options, payment of attorneys' fees and other
costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual
damages.

85.     As a result of Ford's foregoing conduct in violation of the NYFCRA, Plaintiff has
been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages
in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but
not limited to damages pertaining to securing attorney and other professional representation, and
incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive
damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount
to be determined by the Court.

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 501817/2025
RECEIVED NYSCEF: 01/17/2025

## COUNT VIII
### Failure to Investigate and Resolve Consumer Dispute
### (N.Y. Gen. Bus. Law §§ 380-f, 380-m)
#### *AS TO EXPERIAN*

86.   Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

87. Pursuant to GBL § 380-f(a):

*If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

88.   If, after conducting the re-investigation, Experian can no longer verify an item, or confirms an error, Experian must, among other things, (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports" and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

89.   Further "if any item disputed and reinvestigated is found to be in error or can no longer verified, upon completion of the reinvestigation of all items disputed, Experian shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

90.   Upon receipt of Plaintiff's Notice of Dispute, Experian was obligated to investigate Plaintiff's claims, notify Plaintiff of the result of the investigation, and fulfill any additional requirements of GBL § 380-f.

91.   Experian failed to undertake any investigation into Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM          INDEX NO. 501817/2025
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 01/17/2025

the inaccurate information in Plaintiff's credit file.

92.     Upon information and belief, Experian further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

93.     As a result, Plaintiff has suffered damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and other actual damages.

94.     Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

95.     Experian is further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff respectfully demands judgement awarding all actual, statutory, and/or punitive damages and other relief available pursuant to applicable law.

Dated: Brooklyn, New York
       January 17, 2025

                            **PETROFF AMSHEN LLP**
                            *Attorneys for Plaintiff,*
                            Juan Orlando Perez

                            */s/ Serge F. Petroff*
                            Serge F. Petroff, Esq.
                            1795 Coney Island Avenue, Third Floor
                            Brooklyn, New York 11230
                            Telephone: (718) 336-4200
                            Email: spetroff@petroffamshen.com

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM          INDEX NO. 501817/2025
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 01/17/2025

# EXHIBIT A

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM

NYSCEF DOC. NO. 2

INDEX NO. 501817/2025

RECEIVED NYSCEF: 01/17/2025

**Certified Mail Tracking Information**

**Name: Juan Perez**
**Date sent: 11/21/24**

**EX:** https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765483622317

FILED: KINGS COUNTY CLERK 01/17/2025 11:37 AM    INDEX NO. 501817/2025

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 01/17/2025

**Dispute Letter**

**Juan Perez**
466 81st Street
Brooklyn, New York 11209
Date of Birth: 08/21/██████
SS#: 8276

Experian
P.O. Box 4500
Allen, TX 75013

11/21/2024

Dispute letter to Remove Inaccurate information

To whom it may concern. I would like to dispute the following accounts for falsely presenting data on my credit report, which is hurtful to my credit.

Accounts to Dispute:

1. The following account is more than 7 years old
   FRD MOTOR CR
   Account Number: 5213****
   Please remove this account from my credit report. This account has been closed for over 7 years, and according to the Statue of Limitations, this account should cease reporting. Please verify the last payment/active date so that I am able to confirm the age of this account. If the statue of limitations for reporting has expired, please remove this account from my credit report immediately.

Please investigate the issues presented above, and make the necessary changes to my credit report.

Enclosed are copies of my driver's license, social security card and bill in order to confirm my identity in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above.

Thank you for your time and help in this matter.

Sincerely,

Juan Perez